T.C. Memo. 1998-91


UNITED STATES TAX COURT


KERN S. AND SOLEDAD D. SMITH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 27712-96.                    Filed March 3, 1998.


Kern S. Smith and Soledad D. Smith, pro sese.

<u>Thomas G. Schleier</u>, for Respondent.


MEMORANDUM OPINION

PARR, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' Federal income tax for the taxable year 1993 in the
amount of $60,448, an addition to tax of $15,113 under section
6651(a)(1), and a penalty of $12,090 under section 6662(a).  All
section references are to the Internal Revenue Code in effect for
the taxable year in issue, and all Rule references are to the Tax

Court Rules of Practice and Procedure, unless otherwise indicated.

After a concession,[1] the issues for decision are as follows:

(1) Whether petitioners are entitled to previously unclaimed Schedule C deductions in excess of the amount conceded by respondent.  We find they are not.

(2) Whether petitioners are liable for an addition to tax pursuant to section 6651 for late filing.  We hold they are.

(3) Whether petitioners are liable for a penalty pursuant to section 6662 for negligence.  We hold they are.

Certain automatic adjustments will be required in the calculation of self-employment tax and related items of a computational nature flowing from our findings.

Some of the facts have been stipulated and are so found. The stipulated facts and accompanying exhibits are incorporated into our findings by this reference.  When they filed their petition herein, petitioners resided in Oakland, California.

Petitioners filed their individual Federal income tax return for 1993 on October 13, 1995.  The return was due on April 15, 1994.  Petitioners had neither sought nor been granted an extension of time in which to file.

---

[1] Petitioners conceded that Mr. Kern Smith (petitioner) received $183,585 as self-employment income which petitioners failed to report.  Respondent conceded petitioners are entitled to deduct $114,394 in previously unclaimed deductions.

Petitioners reported wages of $4,558 consisting of $950 paid to Mrs. Soledad Smith (Mrs. Smith) by Heritage Flamingo Apartments and $3,608.26 paid to Mr. Smith (petitioner) by Alameda Newspapers, Inc. On line 12 (business income) of Form 1040, petitioners reported $16,147. They did not attach a Schedule C as required, nor did they claim any deductions or cost of goods sold.

Petitioner also received nonemployee compensation from the Alameda Newspaper Group in the amount of $183,585 during 1993, which petitioners failed to report. Neither did they deduct any expenses connected with this sum.

A statutory notice of deficiency was sent to petitioners on October 1, 1996. On June 26, 1997, they attempted to file an amended income tax return, Form 1040X, on which they reported the $183,585 and claimed deductions totaling $178,636.

Although requested to do so, petitioners did not meet with respondent or present any substantiation for the claimed deductions until January 26, 1998, 6 days before the beginning of the trial session on which this case was scheduled. The Court's standing pre-trial order (which was served on petitioners by the Court on August 26, 1997, and a copy of which respondent had sent them when requesting an earlier meeting) stated: "Any documents or materials which a party expects to utilize in the event of trial * * *, but which are not stipulated, shall be identified in

writing and exchanged by the parties at least 15 days before the first day of the trial session."  No such documents were shown to respondent within the allotted time, and the Court ruled that they were inadmissible at trial.  Nevertheless, in the interest of fairness respondent's agent did consider petitioners' documents and conceded deductions totaling $114,394, as follows:

| Schedule C | On 1040X | Allowed |
|---|---|---|
| Advertising | $4,271 | $5,579 |
| Car and truck | 12,972 | 9,040 |
| Depreciation | 1,088 | 0 |
| Insurance | 283 | 283 |
| Legal & prof. | 3,441 | 3,441 |
| Office exp. | 1,244 | 1,244 |
| Other business prop. | 5,750 | 0 |
| Supplies | 5,736 | 3,625 |
| Taxes and license | 835 | 835 |
| Meals & ent. | 91 | 91 |
| Utilities | 811 | 811 |
| Answering service | 1,890 | 0 |
| Bank charges | 224 | 224 |
| Consulting | 1,500 | 1,500 |
| Demos/training | 81 | 81 |
| Dues/pubs. | 75 | 75 |
| Equinox | 16,009 | 0 |
| Management fees | 5,970 | 0 |
| Misc. | 310 | 310 |
| Newspaper | 10,813 | 0 |
| Postage | 471 | 471 |
| Printing | 781 | 781 |
| Sales promotion | 1,011 | 1,011 |
| Telephone | 6,292 | 6,477 |
| Carriers | 96,687 | 78,515 |
| Totals | $178,636 | $114,394 |

Respondent's determinations in the statutory notice of deficiency are presumed correct, and petitioners bear the burden

of proving otherwise. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Section 61(a) includes in gross income all income from whatever source derived, including gross income derived from business. Sec. 61(a)(2).

Petitioners have shown, and respondent has conceded, that they are entitled to deduct $114,394 in business expenses, and we so find.

Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless the taxpayer establishes: (1) The failure did not result from willful neglect, and (2) the failure was due to reasonable cause. Petitioners did not offer any reason for the late filing of their return. Therefore, respondent's determination is sustained.

Next we consider whether petitioners are liable for a negligence penalty under section 6662(a). The penalty amounts to 20 percent of the portion of the underpayment attributable to negligence. Respondent determined that the entire underpayment is due to negligence. We agree.

"Negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code. Sec. 6662(c).

Petitioner failed to report $183,585 in income. In response to a question from the Court, he testified that he was trying to operate his business out of a trust in order to avoid taxes, but that he "did not do it correctly". He apparently believed that

merely by designating his business income as "trust" income he would not have to report it.  Petitioner did not file a trust return, nor did either petitioner consult an accountant or an attorney to determine whether the $183,585 should be reported. In short, petitioners did not do what a reasonable and ordinarily prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Moreover, though instructed on line 12 of Form 1040 to do so, petitioners did not file a Schedule C, even as to the business income of $16,147 which they did report.  We find that petitioners are liable for the negligence penalty.

     To reflect the foregoing,


                         Decision will be entered

                         under Rule 155.